UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MAX RAY BUTLER** | : | **DOCKET NO. 17-cv-230** |
|     B.O.P. # 09954011 | | |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **S. PORTER, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed by plaintiff Max Ray Butler ("Butler"). Doc. 1.

Butler is proceeding *in forma pauperis* in this matter. Doc. 10. Butler is an inmate in the custody of the Federal Bureau of Prisons ("BOP").[1] He complains about events that occurred while he was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"). He was subsequently transferred to the Federal Correctional Institution in Victorville, California ("FCIV"). *See* doc. 25.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.
#### BACKGROUND

The claims originally asserted by Butler in this matter have been thoroughly addressed by this court in the Report and Recommendation issued on August 1, 2017, and will not be reiterated

---

[1] This matter arises under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 91 S. Ct. 1999 (1971). *Bivens* authorizes civil rights suits filed against federal agents or employees for a violation of a constitutional right.

- 1 -

herein. Doc. 30. Via the Report and Recommendation, the court recommended that all of Butler's claims be dismissed except for his retaliation claims. On the same day the court issued an order instructing Butler to amend his complaint to state which defendants remained parties to the suit under his claims of retaliation only. Doc. 31. Butler's response to the amend order was received by the court on August 31, 2017. Doc. 36. Butler's response also requests the preservation of "John Doe" defendants. *Id.* at 4. Butler then filed an amended complaint, asserting civil rights claims against officers at FCIV based on alleged acts of retaliation. Doc. 38. Further, on October 19, 2017, Butler filed a Motion to Reconsider Due Process Claim in Light of the Passage of Time. Doc. 40. Therein, he asked the court to reconsider its ruling recommending dismissal of his claims based on solitary confinement as "the duration of [his] SHU confinement has changed due to the passage of time." *Id.*

The court has prepared a memorandum order for service of process on the following defendants identified by Butler: Warden Calvin Johnson, J. Ledoux, F. Coker, C. Robinson, C. Wilson, R. Rodriguez, A. White, Kaci Maxey, Caleb Gotreaux, Captain Rex, S. Porter, K. Morgan, S. Brown, and Lieutenant Gore. We now consider the presence of the remaining defendants in this matter, the amended complaint, and Butler's request for reconsideration.

## II.
### LAW & ANALYSIS

### A. *Frivolity Review*

Butler has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. 10. Under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), a district court is directed to dismiss an action if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). In determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### B. *Non-Retaliation Defendants*

As stated above, Butler was specifically ordered to name the defendants alleged to be involved in his retaliation claims. The following named defendants were not identified by Butler as part of those claims: Russell L. Johnson, Associate Warden Weeks, B. Moorehead, J.A. Keller, Becky Clay, Terrance M. Steffey, Dante Alexander, Lieutenant Brian A. Nichols, Warden Swain, J. Sorenson, Officer Tyson, and Michael Rios.

It appears that Warden Swain, J. Sorenson, Officer Tyson, and Michael Rios are located at FCIV, Butler's present place of incarceration. Doc. 38. Butler has filed an amended complaint raising civil rights claims against these defendants, based on alleged incidents of retaliation that began after he filed a copout to the FCIV warden. *Id.* Butler's claims against these defendants should be dismissed without prejudice as the proper forum for such claims is the United States District Court for the Central District of California. Butler's claims against defendants Russell L. Johnson, Associate Warden Weeks, B. Moorehead, J.A. Keller, Becky Clay, Terrance M. Steffey, Dante Alexander, and Lieutenant Brian A. Nichols should be dismissed with prejudice, as we have

already determined that Butler's previously raised non-retaliation claims are subject to dismissal. *See* doc. 30.

### C. *"John Doe" Defendants*

Butler sues "John Does involved in and responsible for extended SHU confinement and deprivation of rights." Doc. 1, p. 3. He later identified three of the John Doe defendants as Lieutenant Brian A. Nichols, Lieutenant S. Brown, R. Rodriguez. Doc. 20, p. 1. He also identified Officer J. Ledoux as one of the John Doe defendants. Doc. 22. As part of his response to the court's amend order relative to the retaliation defendants, Butler stated, "Because some of the staff involved in extending my SHU confinement, intercepting and destroying my mail, and executive staff giving orders are not necessarily known to me, I request that John Does be preserved as a Defendant until they can be identified in discovery or in testimony or documents." Doc. 36, p. 4 (emphasis in original).

A civil rights action may be filed against unidentified defendants when their true names are not yet known to the plaintiff but may be learned. *Spencer v. Doe*, Civ. Action No. 10-1801, 2011 WL 3444336, at *1 (N.D. Tex. Jun. 2, 2011) (citing *Bivens*, 91 S.Ct. at 2001 n. 2)). "Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." *Green v. Doe*, 260 Fed. App'x 717, *3 (5th Cir. 2007). Where it appears that the plaintiff has sufficient information to determine the identity of his unknown defendant, discovery is warranted. *See id.* at *2; *see also Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992) (requiring district court to order discovery in a prisoner suit where it may lead to identification of unidentified defendants). Here Butler has provided sufficient information at this stage for the court to determine that he might identify these John Does. *See* doc. 36, p. 4. Accordingly, the placeholder defendant should remain in the suit at this

stage. However, Butler is warned that relief cannot be granted against an unidentified party and so he must act to discover the identity of any remaining defendants on his retaliation claim or see them dismissed from the suit on summary judgment.

Furthermore, Butler is warned that the statute of limitations for *Bivens* actions is determined by state law and so his claims are subject to Louisiana's one-year prescriptive period for delictual actions. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999); *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995). The prescriptive period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Gray v. Negi*, No. 9-2105, 2012 WL 1014983, *3 (W.D. La. Mar. 23, 2012). Furthermore, an amendment to add a new defendant does not relate back to the original date of filing when it is done to identify a John Doe.[3] Fed. R. Civ. P. 15(c); *see Jacobsen v. Osborne*, 133 F.3d 315, 320–22 (5th Cir. 1998). Accordingly, Butler is warned of a potential prescription problem should he be able to identify any further defendants on his retaliation claim..

### D. *Motion for Reconsideration*

Butler's Motion to Reconsider Due Process Claim in Light of the Passage of Time [doc. 40] asked the court to reconsider its ruling denying his SHU claims as "the duration of [his] SHU confinement has changed due to the passage of time." *Id.* at 1. In his Motion to Reconsider, Butler alleged that he had been in SHU confinement for approximately eighteen months. *Id.*

The Federal Rules of Civil Procedure do not recognize a "Motion to Reconsider." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), abrogated on

---

[3] State law also governs any tolling provisions. *Harris v. Hegman*, 198 F.3d 153, 156–57 (5th Cir. 1999). Accordingly, courts in the Eastern District of Louisiana have determined that, even under *Jacobsen*, interruption of prescription by filing a civil rights suit against one defendant extended to plaintiffs' claims against later-named defendants who were alleged joint tortfeasors and solidary obligors. *See Sanchez v. Edwards*, No. 08-1227, 2010 WL 11538593 (E.D. La. Feb. 17, 2010) (and cases cited therein). We find this analysis persuasive, but do not yet determine whether it would apply to any later-named defendants in this matter.

other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). Under the facts of the present case, Butler's motion is best construed as an objection to the Report and Recommendation issued on August 1, 2017. However, his new argument concerning the duration of time spent in SHU fares no better than his original argument. In this regard, "[t]he Fifth Circuit recently suggested that two and a half years of segregation is a threshold of sorts for atypicality, such that 18–19 months of segregation under even the most isolated of conditions may not implicate a liberty interest." *Bailey v. Fisher*, 647 Fed. App'x 472, 476-77 (5th Cir. 2016) (footnote and internal citations omitted). Considering that Butler's total segregation (including his alleged segregation at FCIV) has not exceeded the Fifth Circuit's two and a half year threshold, his current "passage of time" argument fails to trigger a due process interest and should be dismissed.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the defendants Russell L. Johnson, Associate Warden Weeks, B. Moorehead, J.A. Keller, Becky Clay, Terrance M. Steffey, Dante Alexander, and Lieutenant Brian A. Nichols be **DISMISSED WITH PREJUDICE** from this matter, in accordance with this court's earlier report and recommendation. **IT IS ALSO RECOMMENDED** that all claims against Warden Swain, J. Sorenson, Officer Tyson, and Michael Rios be **DISMISSED WITHOUT PREJUDICE** to Butler pursuing such claims in the proper forum.

**IT IS FURTHER RECOMMENDED** that Butler's Motion to Reconsider [doc. 40] be **DENIED**, and for the reasons detailed herein and in the court's prior Report and Recommendation [doc. 30], all of Butler's claims, with the exception of the retaliation claims, be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 6th day of November, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE